IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MONIQUE SCOTT, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 1:12-cv-3286-TWT-RGV |
| | : | |
| SHOE SHOW, INC.; et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER FOR SERVICE OF NON-FINAL REPORT AND RECOMMENDATION

Attached is the Non-Final Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and this Court's Local Rule 72.1. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and

any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 13th day of March, 2013.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONIQUE SCOTT, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : 1:12-cv-3286-TWT-RGV |
| | : |
| SHOE SHOW, INC.; et al., | : |
| | : |
| Defendants. | : |

**<u>MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION</u>**

Plaintiff Monique Scott ("plaintiff"), brings this action against Shoe Show, Inc. ("Shoe Show"), Kevin Broome ("Broome"), and Brenda Greser ("Greser'"), collectively referred to as "defendants," alleging: (1) discrimination, hostile work environment, and retaliation under both Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.§ 2000e, <u>et seq.</u>, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, <u>et seq.</u>; (2) discrimination and retaliation under the Georgia Equal Employment for Persons with Disabilities Code ("Georgia Disability Code"), O.C.G.A. § 34-6A-1, <u>et seq.</u>; and (3) intentional infliction of emotional distress. [Doc. 1 at 7-11].[1] Defendants have filed a motion to dismiss the complaint, [Doc. 3], which plaintiff opposes, [Doc. 5]. For the reasons stated herein,

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

it is hereby **RECOMMENDED** that defendants' motion, [Doc. 3], be **GRANTED IN PART** and **DENIED IN PART**.

## I. FACTUAL BACKGROUND

Plaintiff, an African-American, was employed as a cashier/sales person at Shoe Show's retail store in Stockbridge, Georgia, from August of 2008 until August of 2010 and again from February of 2011 until September of 2011. [Doc. 1 ¶¶ 11, 14-16].[2] Broome is a Loss Prevention Investigator for Shoe Show, and Greser is Shoe Show's District Manager. [Id. ¶¶ 2-4, 20]. Plaintiff alleges that on or about August 30, 2011, Broome interviewed her regarding thefts that were taking place at the Stockbridge store. [Id. ¶¶ 18-19, 24-25]. During the interview, plaintiff informed Broome that she had "a reading problem and was getting tested for her reading disability." [Id. ¶ 22].[3] Plaintiff ultimately admitted that she had allowed others to steal shoes from the store, but contends that this admission was made under duress. [Id. ¶¶ 34-36, 39-40, 43]. Plaintiff completed a written statement regarding her involvement with the thefts, which she now contends was coerced and false. [Id. ¶¶ 46-50]. Plaintiff maintains that Broome also coerced her into signing the

---

[2] Unless otherwise indicated, the facts are taken from the complaint and the parties' filings, and do not constitute findings of fact by the Court.

[3] Specifically, plaintiff alleges that she "suffers from a reading disability that substantially limits her daily activities involving her ability to learn, read, concentrate, think and communicate." [Doc. 1 ¶¶ 12, 14, 16].

statement in Greser's presence.  [Id. ¶¶ 53-55].  Shoe Show terminated plaintiff's employment on September 6, 2011.  [Id. ¶ 60].

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and received the Final Agency Decision dismissing her charge on June 22, 2012.  [Id. ¶ 8].  Plaintiff then filed this action on September 20, 2012.  [Id. at 1].  Plaintiff mailed the summons and complaint to Shoe Show's registered agent in Concord, North Carolina, via certified mail return receipt requested.  [Doc. 2].[4]  Plaintiff also mailed the summons and complaint to Broome and Greser at the Stockbridge store via certified mail.  [Id.].

Defendants move to dismiss the complaint, arguing that service by mail is ineffective under both federal and Georgia law.  [Doc. 3-1 at 4-5].  Defendants also assert that plaintiff's claims under Title VII, the ADA, and the Georgia Disability Code are time barred.  [Id. at 6-8].  Defendants further contend that Broome and Greser are not proper defendants to plaintiff's federal claims, that plaintiff fails to state a claim for retaliation because she does not allege that she engaged in any protected activity, and that plaintiff has not adequately alleged a claim for intentional infliction of emotional distress.  [Id. at 8-14].

---

[4] Shoe Show is incorporated in the state of North Carolina.  See [Doc. 1 ¶ 2].

3

Plaintiff replies that she properly served Shoe Show in North Carolina[5] in accordance with that state's law, that her Title VII and ADA claims are timely because she filed her complaint within ninety days of her receipt of the EEOC's final decision,[6] and that her Georgia Disability Code claims are timely because they "are brought under the federal court jurisdiction," [Doc. 5-1 at 3-9]. Plaintiff concedes that she has not "met all three prongs" for stating a retaliation claim, and asserts that she "did not include Broome and Greser as named defendants in this suit." [Id. at 9].[7] Plaintiff argues that she has sufficiently alleged a claim of intentional infliction of emotional distress based on Broome's conduct during her interview. [Id. at 9-10]. Accordingly, this Report and Recommendation will only address the following issues: (1) whether plaintiff properly served Shoe Show; (2) whether plaintiff's claim under the Georgia Disability Code is timely; and (3) whether plaintiff has sufficiently stated a claim of intentional infliction of emotional distress under Georgia law.

---

[5] Although plaintiff states that service was proper in "South Carolina," [Doc. 5-1 at 4], it is apparent that she meant "North Carolina," see [Doc. 1 ¶ 2; Doc. 2].

[6] Defendants concede that plaintiff's Title VII and ADA claims are timely. [Doc. 6 at 2-3].

[7] In light of these concessions, it is hereby **RECOMMENDED** that plaintiff's retaliation claim be **DISMISSED** for failure to state a claim and that Broome and Gresser be **DISMISSED** as defendants.

## II. DISCUSSION

**A.   Service of Process**

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).  Thus, this Court must first address defendants' motion to dismiss due to insufficient service of process before reaching the merits of defendants' motion to dismiss for failure to state a claim. Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 183 (11th Cir. 2007) (per curiam) (unpublished).

Shoe Show, a corporation, may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A).  Rule 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made." Fed. R. Civ. P. 4(e)(1).  Here, plaintiff served Shoe Show by mailing the summons and complaint to Shoe Show's authorized agent for service in Concord, North Carolina, via certified mail return receipt requested.  See [Doc. 2].  North Carolina law provides that a corporation may be served by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or [authorized] agent." N.C. Gen. Stat. § 1A-1, Rule

5

4(j)(6)(c); see also Bentley v. Watauga Bldg. Supply, Inc., 549 S.E.2d 924, 927 (N.C. Ct. App. 2001) (service on registered agent of North Carolina corporation satisfied requirements for service of process in that state).  Thus, plaintiff properly served Shoe Show, and defendants' motion to dismiss for insufficient service is due to be denied.

**B.    Merits of Plaintiff's Claims**

   **1.    *Legal Standard***

In considering a motion to dismiss, the Court must accept the plaintiff's allegations as true and construe the complaint in the plaintiff's favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  The complaint need only provide enough information to give a defendant fair notice of the plaintiff's claim and the grounds the claim is based on." Broner v. Wash. Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and internal marks omitted). To survive a motion to dismiss, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level," id., as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. If the plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." Id. at 547.

### 2. *Georgia Disability Code Claims*

Georgia law provides that a civil action alleging violations of the Georgia Disability Code must "be brought within 180 days after the alleged prohibited conduct occurred." O.C.G.A. § 34-6A-6(a). Plaintiff concedes that she did not file this action within 180 days after September 6, 2011, the last date on which the prohibited conduct occurred. [Doc. 5-1 at 8]. However, plaintiff contends that her Georgia Disability Code claims are timely because they "are brought under the federal jurisdiction." [Id.]. However, plaintiff has not cited, nor has the Court found, any authority to support this argument, and "if a plea of the statute of limitations would bar recovery in a State court, a federal court ought not to afford

recovery."[8] Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 110 (1945); see also Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam); Wiwa v. Royal Dutch Petroleum Co., No. 96 CIV 8386(KMW), 2002 WL 319887, at *20 (S.D. N.Y. Feb. 28, 2002) (applying state statutes of limitations to supplemental state law claims). Therefore, plaintiff's Georgia Disability Code claims are due to be dismissed as time barred.

### 3. *Intentional Infliction of Emotional Distress Claim*

To state a claim for intentional infliction of emotional distress under Georgia law, plaintiff must show: "(1) that the defendants engaged in intentional or reckless conduct; (2) that the conduct was extreme and outrageous; (3) that there is a causal

---

[8] To the extent plaintiff argues that the applicable state statute of limitations was tolled during the pendency of the administrative proceedings before the EEOC on her related Title VII and ADA claims, the Court finds this argument to be without merit since the claims and remedies sought under each are "truly independent" and because "exhaustion of administrative remedies is not a prerequisite to filing [a claim under the Georgia Disability Code], the statute [of limitations should] not be tolled pending pursuit of administrative remedies but would begin to run on the date the cause of action accrued." Lewis v. Asplundh Tree Expert Co., 305 F. App'x 623, 626 (11th Cir. 2008) (per curiam) (unpublished) (citations and internal marks omitted); see also Stansell v. Sherwin-Williams Co., 404 F. Supp. 696, 701 (N.D. Ga. 1975) ("[I]n a very real sense [plaintiff] has slept on her rights. The fact that her slumber may have been induced by faith in the adequacy of her Title VII [and ADA] remed[ies] is of little relevance inasmuch as the two remedies are independent."). Indeed, "[i]t is well-established that the statute of limitations for a plaintiff's state law claims is not tolled while the plaintiff is pursuing administrative remedies with the EEOC." Kelley v. Wal-Mart Stores E., LP, Civil Action No. 12–554–CG–N, 2013 WL 608030, at *3 (S.D. Ala. Feb. 19, 2013) (citations omitted).

connection between the wrongful conduct and [plaintiff's] emotional distress; and (4) that her emotional distress is severe." Higdon v. Jackson, 393 F.3d 1211, 1222 (11th Cir. 2004) (citation omitted). The Georgia Court of Appeals has recognized that:

> It [is] not . . . enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.

Abdul-Malik v. AirTran Airways, Inc., 678 S.E.2d 555, 559 (Ga. Ct. App. 2009). "Liability has been found only where the defendant's conduct was 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" Higdon, 393 F.3d at 1222 (citation omitted). "Employment related activities by themselves are insufficient to establish that conduct is extreme and outrageous." Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1331 (N.D. Ga. 2009) (citations omitted).

Here, plaintiff alleges only that Broome falsely accused her of theft, continued to question her about the store thefts even when she became visibly upset, and coerced her into writing a false confession. See [Doc. 1 ¶¶ 24-55]. These allegations are insufficient to support a claim for intentional infliction of emotional distress under Georgia law. See Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1229 (11th Cir.

1993) (citations omitted) ("Georgia courts have held that an employer's termination of an employee-however stressful to the employee-generally is not extreme and outrageous conduct); Southland Propane, Inc. v. McWhorter, 720 S.E.2d 270, 276-77 (Ga. Ct. App. 2011) (finding "false accusations of dishonesty in the workplace," such as accusations that employee misappropriated corporate funds and committed forgery, did not constitute "extreme and outrageous" conduct); Abdul-Malik, 678 S.E.2d at 560 (defendant's conduct in calling employee a liar and a terrorist was not "extreme and outrageous"); Crowe v. J.C. Penney, Inc., 340 S.E.2d 192, 193-95 (Ga. Ct. App. 1986) (finding that defendant's actions, including slamming his hand on the desk and yelling that employee was a liar, during interrogation regarding suspected store thefts "did not exceed the bounds usually tolerated by society").  Therefore, plaintiff's claim for intentional infliction of emotional distress is also due to be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** that defendants' motion to dismiss the complaint, [Doc. 3], be **GRANTED IN PART** and **DENIED IN PART**.  Specifically, it is **RECOMMENDED** that defendants' motion as to Broome and Greser be **GRANTED** and that plaintiff's claims against Broome and Greser be **DISMISSED WITHOUT PREJUDICE**.  It is also **RECOMMENDED** that

defendants' motion as to plaintiff's claims alleging retaliation under Title VII and the ADA, violation of the Georgia Disability Code, and intentional infliction of emotional distress be **GRANTED** and that those claims be **DISMISSED**.  However, because plaintiff properly served Shoe Show, defendants have conceded that plaintiff's claims alleging discrimination and hostile work environment under Title VII and the ADA are timely, and defendants have not asserted any other grounds for the dismissal of those claims, it is **RECOMMENDED** that defendant's motion as to those claims be **DENIED**.

**IT IS SO RECOMMENDED**, this 13th day of March, 2013.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE